USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/14/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

"AMERICAN JUSTICE CENTER" (AJC), Inc.;

Asif;

"JANE DOE" a female individual

and

"JOHN DOEs" for themselves and
their injured and deceased relatives,
left presently unnamed,

                     Plaintiffs,

        -against-

NARENDRA MODI,
a national and citizen of India;
Prime Minister of India and
Former Chief Minister of the State of Gujarat

                     Defendant.

14 Civ. 7780 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      Plaintiffs bring this action against Defendant, Prime Minister Narendra Modi, the sitting head of government of the Republic of India, alleging claims under the Torture Victim Protection Act of 1991 ("TVPA") and Alien Tort Statute ("ATS") based on acts committed while Modi was acting as "Chief Minister" of the state of Gujarat in 2002.

      On October 19, 2014, the United States filed a Suggestion of Immunity pursuant to 28 U.S.C. § 517. Suggestion of Immunity, ECF No. 3. Attached to the Government's submission is a letter from Acting Legal Adviser Mary E. McLeod to Acting Assistant Attorney General Joyce R. Branda, dated September 30, 2014, which states:

> The Department of State recognizes and allows the immunity of Prime Minister Modi as a sitting head of government from the jurisdiction of the United States District Court in this suit. Under common law principles of immunity articulated by the Executive Branch in the exercise of its constitutional authority over foreign affairs and informed by customary international law, Prime Minister Modi, as the sitting head of government of a foreign state, is immune from the jurisdiction of the United States District Court in this suit while in office.

*Id.* at Ex. A.

The Supreme Court has held that "[i]t is . . . not for the courts to deny an immunity which our government has seen fit to allow." *Republic of Mexico v. Hoffman*, 324 U.S. 30, 35 (1945). A court "must accept the United States' suggestion that a foreign head of state is immune from suit—even for acts committed prior to assuming office—'as a conclusive determination by the political arm of the Government that the continued [exercise of jurisdiction] interferes with the proper conduct of our foreign relations.'" *Habyarimana v. Kagame*, 696 F.3d 1029, 1032 (10th Cir. 2012) (quoting *Ex Parte Republic of Peru*, 318 U.S. 578, 589 (1943)), *cert. denied*, 133 S. Ct. 1607 (2013); *accord Ye v. Zemin*, 383 F.3d 620, 626 (7th Cir. 2004) ("The obligation of the Judicial Branch is clear—a determination by the Executive Branch that a foreign head of state is immune from suit is conclusive and a court must accept such a determination without reference to the underlying claims of a plaintiff." (citation omitted)); *Tawfik v. al-Sabah*, 11 Civ. 6455, 2012 WL 3542209, at *3 (S.D.N.Y. Aug. 16, 2012) ("[I]t is clear that in the common law context, at least as applied to sitting heads of state, '[courts] defer to the Executive's determination of the scope of immunity.'" (quoting *Matar v. Dichter*, 563 F.3d 9, 15 (2d Cir. 2009))).

In response to the Government's suggestion of immunity, Plaintiffs argue that: (1) the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, provides immunity only to foreign states and not to individual government officials; (2) Modi is not entitled to common law immunity in this case because he committed human rights violations that exceeded his official authority and because the alleged acts took place before he was Prime Minister; and (3) the TVPA and ATS override or create an exception to Executive Branch determinations regarding the immunity of foreign officials. Pl. Mem. 5-10, ECF No. 7. The Court considers each of these arguments in turn.

Contrary to Plaintiffs' first contention, the FSIA is not controlling with respect to the immunity determination here. The immunity of foreign heads of state and heads of government is governed not by FSIA but by common law principles of foreign official immunity. *Samantar v. Yousuf*, 560 U.S. 305, 325 (2010) ("Although Congress clearly intended to supersede the common-law regime for claims against foreign states, we find nothing in the [FSIA's] origin or aims to indicate that Congress similarly wanted to codify the law of foreign official immunity."); *see also Zemin*, 383 F.3d at 625 ("Because the FSIA does not apply to heads of states, the decision concerning the immunity of foreign heads of states remains vested where it was prior to 1976—with the Executive Branch." (citation omitted)).

Plaintiffs' second contention is also unpersuasive. The Executive Branch's assertion of foreign official immunity is not rendered ineffective by allegations that Modi engaged in unlawful conduct that exceeded his official authority by violating *jus cogens* (international law norms) and that took place before he became Prime Minister. A sitting head of state's immunity from jurisdiction is based on the Executive Branch's determination of official immunity without regard to the specific conduct alleged. *Matar*, 563 F.3d at 15 ("[I]n the common-law context, we defer to the Executive's determination of the scope of immunity. . . . A claim premised on the violation of *jus cogens* does not withstand foreign sovereign immunity."); *see also Zemin*, 383 F.3d at 627. Courts are likewise bound by the Executive Branch's determination even when the alleged conduct took place prior to the assumption of office. *Habyarimana*, 696 F.3d at 1032; *see also Doe v. Roman Catholic Diocese of Galveston-Houston*, 408 F. Supp. 2d 272, 280 (S.D.

Tex. 2005) (accepting Executive Branch's determination that Pope Benedict XVI was entitled to head-of-state immunity even though the alleged conduct occurred before he was Pope and "exceeded the authority granted him by former Pope John Paul II").

Finally, contrary to Plaintiffs' third contention, the TVPA and ATS did not override or create an exception to an Executive Branch determination of foreign official immunity. *See, e.g., Manoharan v. Rajapaksa*, 711 F.3d 178, 180 (D.C. Cir. 2013) ("[T]he common law of head of state immunity survived enactment of the TVPA." (citing *Matar*, 563 F.3d at 15)). Indeed, the Second Circuit has dismissed analogous claims in recognizing an Executive Branch determination of immunity in a case brought under the TVPA and ATS. *See Matar*, 563 F.3d at 15; *accord Devi v. Rajapaksa*, 11 Civ. 6634, 2012 WL 3866495, at *3 (S.D.N.Y. Sept. 4, 2012), *appeal dismissed*, 2013 WL 3855583 (2d Cir. Jan. 30, 2013); *Lafontant v. Aristide*, 844 F. Supp. 128, 138 (E.D.N.Y. 1994). The Court has considered the remainder of Plaintiffs' arguments and finds them to be without merit.

Accordingly, in light of the determination by the Executive Branch that Prime Minister Modi is entitled to immunity as the sitting head of a foreign government, he is immune from the jurisdiction of this Court in this suit. The complaint is DISMISSED.

The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: January 14, 2015
       New York, New York

                                                    _____
                                                    ANALISA TORRES
                                                    United States District Judge